The opinion of the Court was delivered by
Gibson J.
The declaration charges, that the defendant below, on the 5th July, 1814, at the county of Cumberland, to wit, in the county of Dauphin, m a certain discourse which he then and there had, of, and concerning the plaintiff, and of, and concerning the murder of a certain Isaac Wills, who before that time, was killed and murdered, he, the said defendant, then atid there, uttered the words for which the suit was brought; and it is assigned for error, that neither the time nor place is laid with sufficient certainty. This is a principal objection. There is but one time certain stated ; and the words, “ then and there,” refer to it with convenient certainty, which is all that is requisite. It would be a strained construction, to say the speaking of the words should, by reference, be taken to have been at the time of the murder, which is indefinite, and was itself stated, relatively, as having happened before the colloquium in which the actionable words were uttered. We will not read a declaration so as to make it nonsense, when the arrangement and natural import of the words render it intelligible. This also applies to the alleged want of certainty in laying the place. The proper county is stated in the margin, and if it were necessary, we would intend the words “ then and there f referred to the margin. But although the words are stated to have been uttered in Cumberland county, it is laid with a scilicit, “■ to wit, at the county of Dauphin, ” and we will intend that Cumberland county is a place within the county of Dauphin. It was un *194 necessary to introduce another county into the declaration, to enable the plaintiff to give evidence of words spoken there,; but as the words are at the same time expressly laid as having been spoken in the proper county, it is well enough.
At the trial, the defendant offered to prove he had been in the habit of repeating the story in a manner, different in some essential respects, from the expressions charged in the declaration, first having proved, that the circumstances, related by him on those occasions, were true. It is impossible to doubt the propriety of the rejection of this evidence. It neither met, nor extenuated the charge. If he accused the plaintiff falsely, it could be of no moment that on other occasions he adhered to the truth. Nothing the defendant said at a different time, can be evidence in his own favour. The case of Coleman v. Southwick, is easily distinguished from the present. There it was held, a defendant might, in mitigation of damages, shew he believed, at the time of publishing, that the libellous matter was true ; that he made enquiries to ascertain the fact; and obtained information that led him into error. It is evident this could be admitted only on the ground of the fact of enquiry having been made, and not on account of any thing the defendant had said ; for his questions would be evidence only ta explain the answers, when taken in connection with them. There is a material difference between a party’s declaraions andhisacts. Here, we have nothing to distinguish the evidence from the naked declarations of a party offered in his own favour. There was nothing in them tending to impeach the accuracy of those who proved the words as laid ; for it does not necessarily follow, that a person who is in the habit of telling a story one way, may not sometimes repeat it in another. Nor is the circumstance of having at other times related the story truly, together with the circumstances on which the suspicions of the defendant rested, any evidence of want of malice, but the contrary; for it tends to shew the defendant knew the accusation, and the facts alleged in support of it, to be without foundation.
Judgment affirmed.